1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   UNITED FINANCIAL CASUALT          )   Case No.: 1:19-cv-0019 LJO JLT
     COMPANY,                          )
12                                     )   ORDER TO SHOW CAUSE WHY SANCTIONS
                    Plaintiff,         )   SHOULD NOT BE IMPOSED FOR FAILURE TO
13                                     )   COMPLY WITH THE COURT'S ORDER
           v.                          )
14                                     )
     BAKERSFIELD I, INC., et al.,      )
15                                     )
                    Defendants.        )
16   _____)

17          On May 16, 2019, the parties informed the Court that they settled the claims and signed a

18   settlement agreement.  (Doc. 7)  Based upon the notice of settlement, the Court ordered the parties to

19   file a joint stipulation to dismiss the action "no later than June 21, 2019."  (Doc. 42 at 1) The Court

20   advised the parties that their failure to comply with the order may result in the imposition of sanctions.

21   (*Id.*) However, the parties failed to comply with or otherwise respond to the Court's order.

22          The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

23   party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

24   and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have

25   inherent power to control their dockets," and in exercising that power, a court may impose sanctions

26   including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831

27   (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute

28   it or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*,

                                                    1

963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, the parties are **ORDERED** to show cause within 14 why <u>terminating and/or monetary sanctions</u> should not be imposed for their failure to comply with the Court's order, or in the alternative, to file a stipulated request for dismissal.


IT IS SO ORDERED.

Dated: __**June 25, 2019**__          ____**/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE